UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: YAMAHA MOTOR CORP. RHINO ATV PRODUCTS LIABILITY LITIGATION | Case No. 3:09-MD-02016-JBC<br>MDL No. 2016 |

**AMANDA MCCOY,**
    Plaintiff

v.                                                  Case No. 3:09-CV-324-JBC

**YAMAHA MOTOR CO., LTD., ET AL.,**
    Defendants

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion of defendant, Yamaha Motor Co., Ltd., to dismiss. R. 93 in Case No. 09-324, R. 542 in Case No. 09-2016. For the following reasons, the motion will be denied.

**I.    Background**

The current suit arises from injuries the plaintiff, Amanda McCoy, allegedly received on April 13, 2007, as a result of her use of a Yamaha Rhino. McCoy filed suit on February 24, 2009, in the U.S. District Court for the Northern District of Texas asserting strict liability and negligence against Yamaha Motor Company ("YMC"), Yamaha Motor Corporation U.S.A., and Yamaha Motor Manufacturing Corporation of America.

On March 2, 2009, McCoy requested the issuance of a summons for the

Yamaha defendants. The summons was issued that day. On April 13, 2009, McCoy's two-year statute of limitations period expired. Nonetheless, on April 16, 2009, YMC moved to stay the action and transfer it to this court. The motion was granted on the same day and the action was transferred on May 4, 2009. On May 13, McCoy's counsel wrote a letter to defendant's local counsel asking whether he could accept service on behalf of YMC. The defendant's local counsel did not reply to this inquiry, although YMC's motion to dismiss acknowledges its receipt. After receiving no response, McCoy requested a second summons on June 24, which she then mailed to YMC in Japan. On July 21, McCoy served YMC in accordance with this court's April 6 order governing service on YMC.

II.     **Legal Analysis**

Federal courts sitting in diversity apply state substantive laws and statutes of limitations. Hence, in the present case, Texas law generally controls the question of whether service of process was timely and effective. *See* Fed. R. Civ. P. 4(e). However, where the defendant is a foreign entity, "the Hague Service Convention 'pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies.'" *Velasco v. Ayala*, 312 S.W. 3d 783, 793 (Tex. App.-Houston [1 Dist.], 2009) (*quoting Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)).

On April 2, 2009, YMC waived objections to service in contravention of the Hague Convention. McCoy argues that this joint stipulation effectively waived

YMC's current objection to service as being untimely. This court need not decide whether such objections were waived as the record demonstrates that McCoy exercised due diligence and that YMC was not prejudiced by the delay in effecting proper service.

McCoy made several attempts to serve the defendant. She twice issued summons for YMC, mailing the second to its offices in Japan. Her counsel also contacted YMC's local counsel regarding service of the defendant. Although McCoy's initial attempts to serve YMC were legally insufficient, they inform the question of whether she exercised due diligence. *See Grant v. Leon*, 786 S.W. 2d 259, 260 (Tex. 1990); *Keeton v. Carrasco,* 53 S.W. 3d 13, 18 (Tex. App.-San Antonio 2001); *Velasco*, 312 S.W. 3d at 792. Further, it is noteworthy that the issue is service upon a foreign corporation, an admittedly difficult procedure. *Kim v. Frank Mohn A/S*, 909 F.Supp. 474, 480 (S.D. Tex. 1995).

It is simply not the case that the plaintiff sat on the sideline while the limitations period ran. Hence, the cases cited by YMC are inapposite. They involve either delays of much longer duration, *see Rigo Manufacturing Co. v. Thomas,* 458 S.W.2d 180, 180-82 (Tex. 1970) (approximately seventeen months between filing and service); *Liles v. Phillips, 677* S.W.2d 802 (Tex. App.-Fort Worth 1984, writ ref'd n.r.e.) (two years and one month between filing and service), or plaintiffs who took no action prior to the expiration of the limitations period. *See, e.g., Williams v. Houston-Citizens Bank & Trust Co.*, 531 S.W. 2d 434, 436 (Tex. Civ. App. 1976);

*Buie v. Couch*, 126 S.W.2d 565, 566-67 (Tex. Civ. App. 1939).

Further, the court perceives no prejudice in allowing this suit to continue. "The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *De Leon Torres v. Johns*, 706 S.W.2d 693, 695 (Tex. App. 13 Dist., 1986). In the present case, the delay was minimal and YMC's interests were not compromised. The case at bar is part of many others involving the same or similar issues. Consequently, YMC had ample motivation to develop an adequate defense to the instant action.

## III. Conclusion

Accordingly, **IT IS ORDERED** that the defendant's Motion To Dismiss (R. 93 in Case No. 09-324, R. 542 in Case No. 09-2016) is **DENIED**.

Signed on September 24, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**

4